IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JESSE KINCAID, | § | |
| | § | |
| Defendant Below, | § | No. 211, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. N2210002346 |
| | § | N2203013888 |
| Appellee. | § | |

Submitted: October 24, 2023
Decided: November 28, 2023

Before **SEITZ,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) On February 27, 2023, the appellant, Jesse Kincaid, resolved charges in multiple cases by pleading guilty to stalking, noncompliance with bond conditions, and criminal contempt of a domestic violence protective order. In exchange for the guilty plea, the State agreed to dismiss multiple other charges and to cap its sentencing recommendation at three years of unsuspended Level V time. On May 19, 2023, the Superior Court sentenced Kincaid to a total of six years of

incarceration, suspended after two years for decreasing levels of supervision. This is Kincaid's direct appeal.

(2) On appeal, Kincaid's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Kincaid's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Kincaid of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Kincaid of his right to submit points he wanted this Court to consider on appeal. Kincaid has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.

(4)    The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Kincaid could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

3